**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Whiteyville Properties, LLC**                              **Docket No. 179-12-11 Vtec**
**(Appeal of City of Burlington DRB decision)**

Title: Motion to Alter or Amend Judgment (Filing No. 6)

Filed: January 6, 2014

Filed By: City of Burlington

Response in Opposition to Motion filed on January 22, 2014 by Whiteyville Properties, LLC

__X__ Granted (in part)                 __X__ Denied  (in part)                 ____ Other

In its post-judgment motion, the City of Burlington ("City") asks the Court to alter or amend its December 19, 2013 Judgment Order in two ways.  First, the City asks the Court to add a provision to its December 19 Judgment Order allowing Applicant's proposed Management Plan to be amended in the event that the Management Plan and its implementation by Whiteyville Properties, LLC ("Applicant") fail to mitigate the potential adverse noise and other impacts caused by tenants and Applicant's property.  Second, the City asks the Court to amend its Judgment Order to specifically reference standard permit conditions incorporated in to most zoning permits issued by the City.

We have discretion in deciding whether to grant a motion to alter or amend a judgment under Vermont Rule of Civil Procedure 59(e).  We recognize the correction of "manifest errors of law or fact" and the prevention of "manifest injustice" to be among the grounds for granting such a motion.  In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (internal quotation omitted).  For the reasons stated below, we **DENY** the City's first request, but **GRANT** the City's second request.

As we noted in our December 19 Merits Decision, we share the City's concerns that adverse impacts may emanate from Applicant's improved property.  In re Whiteyville Prop., LLC, No. 179-12-11 Vtec, slip op. at 9–11 (Vt. Super. Ct. Envtl. Div. Dec. 19, 2013) (Durkin, J.). Our concerns have four principal foundations: (1) Applicant's tenants have already caused adverse impacts, even before the increase in tenants authorized by this Court's Merits Decision; (2) Applicant and its members consistently resisted the suggestion that their property needed a formal management plan and an on-site manager to enforce its terms; (3) Applicant and its members showed less than serious attention to detail in drafting the proposed management plan; and (4) the Court remains unsure of whether the best drafted and most conscientiously-enforced management plan will actually dampen or eliminate the noise and other adverse impacts caused by Applicant's tenants.

The application limited the Court's review to the propriety of adding two more tenants to a property that already hosted fifteen tenants in the four on site dwelling units.  We

maintained our focus on the proposal to add two additional tenants to the property. The City's rationale in filing its post-judgment motion to amend is based upon legitimate concerns, but those concerns appear to arise from the general operation and use of the property, rather than the two additional tenants.

In denying the City's request, we do not suggest that the City is without recourse, should its concerns about adverse impacts upon neighbors become real. Even if Applicant employs a properly-worded management plan[1] and a diligent on-site manager, noise and other adverse impacts may emanate from the property. However, our conditional approval was not intended to shield Applicant and its members from their continuing obligation to comply with any noise or other restrictions in any duly-adopted City ordinance. Our conditional approval of Applicant's increase in tenants does not substitute or supersede Applicant's obligation to manage the property in conformance with all applicable municipal ordinances.

We therefore caution Applicant and its members to conscientiously maintain and manage their property, to conform with the Management Plan, and to take all steps necessary to assure both that tenants do not distress the neighbors and that the neighbors know how to contact Applicant's members when a material adverse impact arises. If Applicant and its members are not successful in this regard, they may face some punitive response from the City, including the City's proposal that Applicant's management plan must be amended to include more restrictive terms and conditions.

For all these reasons, we **DENY** the City's request that we incorporate its suggested language concerning revisions to the Management Plan in an Amended Judgment Order.

In reviewing the City's second request, we note that our original Judgment Order did not direct that City officials issue a zoning permit in conformance with the terms and conditions of our Merits Decision and the unappealed determinations of the City of Burlington Development Review Board ("DRB").[2] This omission was an error on our part; an Applicant may have the authority sought in its application only when a fully compliant permit is issued. We therefore issue today an Amended Judgment Order that remands this matter to the appropriate City official, solely to complete the ministerial act of issuing a permit in conformance with our Merits Decision and the unappealed provisions of the DRB Decision. In that regard, we also direct that the City follow its usual practice of including in the issued permit the standard permit conditions. We have reviewed the standard conditions submitted by the City and find no term that interferes with Applicant's planned use of its property; these standard conditions appear to be in the form of explanations and reminders of a permittee's continuing obligations under the City ordinances. We therefore **GRANT** the City's motion and amend our Judgment Order accordingly.

|  |  |
| --- | --- |
| _____ | _____February 26, 2014_____ |
| Thomas S. Durkin, Judge | Date |

---

[1] Applicants and its members already complied with the first directive in our Merits Decision by revising and correcting their management plan and submitting copies to the Court and the City.

[2] We noted in our Merits Decision that the DRB rendered some positive findings and legal conclusions in favor of the pending application that were needed for Applicant to obtain approval. See In re Whiteyville Prop., LLC, No 179-12-11 Vtec, slip op. at 7–8 (Vt. Super. Ct. Envtl. Div. Dec. 19, 2013) (Durkin, J.).

========================================================================

Date copies sent: _____                                    Clerk's Initials: _____

Copies sent to:

   Attorney Edward D. Fitzpatrick for Appellant Whiteyville Properties, LLC

   Attorney Kimberlee J. Sturtevant for City of Burlington

   Interested Person John Douglas

   Interested Person Eleanor Lanahan